IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT ZAMORA,

    Plaintiff,

v.                                                            Civil No. 03-743 WJ/RLP

CITY OF BELEN, TANYA BALDONADO
Individually and in her representative capacity,
STATE OF NEW MEXICO, and MICHAEL
VALDEZ individually and in his representative
capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT STATE OF NEW MEXICO'S MOTION TO DISMISS**

        THIS MATTER comes before the Court pursuant to Defendant State of New Mexico's Motion to Dismiss: State Tort Claims and 42 U.S.C. § 1983 Claims [Docket No. 6]. Defendant's motion was filed July 8, 2003. As of August 6, 2003, no response had been filed. Defendant State of New Mexico filed its Notice of Completion of Briefing on August 6, 2003. After reviewing the motion and the applicable law, I find the motion is well taken and shall be granted.

**BACKGROUND**

        Plaintiff's Complaint names as one of the Defendants the State of New Mexico. The claims in Plaintiff's Complaint include state tort claims for malicious abuse of process, defamation, and false arrest and a claim pursuant to 42 U.S.C. § 1983 for constitutional deprivations. Defendant State of New Mexico seeks dismissal of the state tort claims on the basis that Plaintiff failed to comply with the notice requirements of the New Mexico Tort Claims Act at N.M. Stat. Ann. 1978 § 41-4-16. Defendant State of New Mexico seeks dismissal of the claim

under 42 U.S.C. § 1983 on the basis that the State of New Mexico is not a person subject to suit under 42 U.S.C. § 1983.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

A Rule 12(b) motion to dismiss can challenge the substance of the complaint's jurisdictional allegation in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court. Sizova v. National Institute of Standards & Technology, 282 F3d 1320, 1324-25 (10th Cir. 2002); New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495 (10th Cir. 1995). A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. Sizova, 282 F.3d 1324-25; Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

**DISCUSSION**

I.   PLAINTIFF'S CLAIMS BROUGHT UNDER 42 U.S.C. § 1983

The State of New Mexico is not a "person" under 42 U.S.C. § 1983. Will v. Michigan Dep't of Public Safety, 491 U.S. 58 (1989). Thus, the State of New Mexico cannot be sued

under 42 U.S.C. § 1983, and all claims brought against the State of New Mexico pursuant to 42 U.S.C. § 1983 are dismissed.

II.     PLAINTIFF'S CLAIMS BROUGHT UNDER THE NEW MEXICO TORT CLAIMS ACT

The New Mexico Tort Claims Act grants state sovereign immunity from tort liability to a "governmental entity and any public employee while acting within the scope of duty," except as waived by N.M. Stat. Ann. 1978 § 41-4-5 through 41-4-12.  N.M. Stat. Ann. 1978 § 41-4-4(A). Under N.M. Stat. Ann 1978 § 41-4-16, a person who claims damages from the state under the Tort Claims Act must give written notice to the risk management division within ninety days after an occurrence giving rise to a claim.  "No suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence."  N.M. Stat. Ann. 1978 § 41-4-16(B).

Defendant State of New Mexico, in its motion to dismiss, provided an affidavit of Steve Mindham, the Deputy Director of the New Mexico State Risk Management Division attesting to the fact that no tort claim notice was received by the Risk Management Division regarding Gilbert Zamora.  Plaintiff did not respond to the motion with anything to contradict this affidavit or show that the State of New Mexico received actual notice of Plaintiff's claims within 90 days of the occurrence giving rise to his claims.  Therefore, Plaintiff cannot maintain a suit against the State of New Mexico under the New Mexico Tort Claims Act, and the State of New Mexico is entitled to have these claims dismissed.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant State of New Mexico's Motion to Dismiss: State Tort Claims and 42 U.S.C. § 1983 Claims [Docket No. 6] is hereby GRANTED and all claims against the State of New Mexico are hereby DISMISSED.

_____
UNITED STATES DISTRICT JUDGE