## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GILBERT ZAMORA,

        Plaintiff,

vs.                                        No. CIV 03-743 JB/RLP

CITY OF BELEN, TANYA FRAZIER,
individually and in her representative capacity,
STATE OF NEW MEXICO, and MICHAEL VALDEZ,
individually and in his representative capacity,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Michael Valdez' Motion to Dismiss Based on Untimely Service of Process, filed February 18, 2004 (Doc. 59). The Court held a hearing on this matter on June 8, 2004. The primary issue is whether the Court should dismiss the Plaintiff Gilbert Zamora's claims against Defendant Valdez for failure to serve Valdez with process within 120 days of filing his complaint. Because the Court finds that the relevant factors counsel against dismissing the claims against Valdez at the present time, the Court will deny Valdez' motion to dismiss.

### PROCEDURAL BACKGROUND

On June 3, 2003, Zamora filed his complaint in the Thirteenth Judicial District Court, County of Valencia, State of New Mexico. Although Zamora apparently served all other defendants within weeks of filing his Complaint, he did not effect service of process on Valdez at that time. On June 23, 2003, the other defendants removed the action to the United States District Court. See Notice of Removal, filed June 23, 2003 (Doc. 1).

Subsequent to removal, for the next eight months, the parties litigated the action in the United States District Court. Litigation included initial disclosures, an initial scheduling order and scheduling conference, a meet-and-confer session among counsel, the formulation and filing of a provisional discovery plan and an initial pretrial report, discovery by defendants, and motions, including a motion to dismiss and a summary judgment motion. <u>See</u> Doc. Nos. 3, 6, 12, 16-20, 22, 23, 26, 27, 31-33, 43, 46-49, 52, and 56. On February 9, 2004, the parties and their counsel participated in a court-ordered settlement conference over which the Honorable Richard L. Puglisi, United States Magistrate Judge, presided. The case settled. <u>See</u> Doc. 57.

On February 11, 2004, two days after all other parties reached a settlement agreement, Zamora effected personal service of process on Valdez. A process server served Valdez with a copy of the summons and the complaint, which Zamora had filed in the Thirteenth Judicial District Court on June 3, 2003. At all material times, Valdez has resided and worked in Albuquerque and has not attempted to evade service of process or hide himself.

Zamora did not effect service on Valdez within the 120-day period set forth in rule 4(m) of the Federal Rules of Civil Procedure. Valdez moves, pursuant to rule 4(m), that the Court dismiss Zamora's Complaint for Malicious Abuse of Process, Defamation and Damages, filed June 3, 2003, attached to Notice of Removal (Doc. 1). Although rule 4(m) provides for dismissal without prejudice, Valdez requests that the Court dismiss the Complaint with prejudice because the claims are without foundation on their merits.

## <u>LAW ON FAILURE TO EFFECT TIMELY SERVICE</u>

Rule 4(c)(1) provides that "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) . . . ." Fed. R. Civ. P. 4(c)(1). Rule 4(m)

provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service to be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In the event a plaintiff does not timely serve a defendant, the Court must engage in a two-part inquiry to determine if dismissal of the complaint is appropriate.

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service.  In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time.  If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).  Thus, "[i]f good cause exists, Plaintiff is entitled to a mandatory extension of time in which to serve Defendants.  If good cause has not been established, the second prong of the inquiry comes into play -- this Court still has discretion to grant Plaintiff an extension of time in which to effect service."  Lopez v. United States, 129 F. Supp. 2d 1284, 1295 (D.N.M. 2000)(Black, J.)(citing Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000); Espinoza v. United States, 52 F.3d at 841).

When interpreting an earlier version of the rule, the United States Court of Appeals for the Tenth Circuit stated that "[t]he 'good cause' provision of [the] Rule . . . should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."  Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994)(internal quotation

marks and citation omitted).  The Tenth Circuit has also rejected inadvertence, neglect, negligence, mistake of counsel, ignorance of the rules, and unexplained assertions of miscalculation as "good cause" for untimely service.   See Broitman v. Kirkland, 86 F.3d 172, 174-76 (10th Cir. 1996)(discussing Tenth Circuit cases and finding no "good cause" where *pro se* plaintiffs served summons and complaint one day late and affirming dismissal); Lopez v. United States, 129 F. Supp. 2d at 1295 (stating that the "good cause" standard is "quite restrictive" and does not include "[i]nadvertence, negligence, ignorance of the service requirements, and reliance on a process server")(citing  Broitman v. Kirkland, 86 F.3d at 174; Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir. 1991)).

If a plaintiff is unable to show good cause, the Court should consider several factors in determining whether to grant a permissive extension, including whether the applicable statute of limitations would bar the refiled action, whether the plaintiff is proceeding *pro se*, whether a permissive extension would prejudice the defendants, and whether the defendants are evading service. See Espinoza v. United States, 52 F.3d at 842; Despain v. Salt Lake Area Metropolitan Gang Unit, 13 F.3d at 1439; Fed. R. Civ. P. 4(m), Advisory Committee Notes.

## **ANALYSIS**

It is undisputed that Zamora did not effect timely service of process on Valdez.  Zamora did not serve Valdez until approximately eight months after the filing of his Complaint.  It is also undisputed, however, that Zamora served Valdez before Valdez filed his motion to dismiss for untimely service.  Thus, at this time, Zamora has accomplished service and does not request that the Court grant him additional time to effect service.  Valdez moves the Court to dismiss Zamora's Complaint for two reasons: (i) Zamora "violated" rule 4(m), thereby causing Valdez irreparable

prejudice; and (ii) Zamora's claims lack merit.  Because the Court does not believe that Zamora's

untimely service warrants dismissal of his claims now that service is accomplished, and that the merits

of Zamora's claims are more appropriately addressed in the context of a motion to dismiss under rule

12 or for summary judgment, the Court will deny Valdez' motion.

The Court does not believe that Zamora has shown good cause for his delay in serving

Valdez.  Zamora has offered some explanation for his delay, but the Court cannot say that the

explanation establishes that Zamora was "meticulous in [his] efforts to comply with the Rule."

Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d at 1438.  It appears that Zamora's explanation

places primary emphasis on his reliance upon process servers.  Such reliance is insufficient to satisfy

the "good cause" standard.  Thus, the Court does not believe that rule 4(m) mandates an extension

of time to include the date of actual service.

Although the Court does not believe Zamora has shown good cause for his delay in serving

Valdez, the Court must consider the relevant factors to determine whether they counsel in favor of

a permissive extension of time to include the date of actual service.  Valdez first argues that Zamora

violated rule 4(m) because he did not effect service on Valdez within 120 days of filing his Complaint.

 This case presents a unique situation in that Zamora has accomplished service and he did so before

Valdez moved to dismiss the Complaint against him.

Despite that Zamora has served Valdez, Valdez contends that Zamora's untimely service of

process has irreparably prejudiced him because he has lost the opportunity to participate in a universal

settlement.  But Zamora could have brought his action against Valdez separately from its inception,

creating the same situation that Valdez faces now.  And Valdez can still settle the claims against him.

In any case, the inability to participate in a universal settlement, while a strategic loss perhaps, does

not constitute irreparable prejudice to Valdez' defense against Zamora's claims.  The Court indicated to defense counsel at the hearing that it is willing to set deadlines in this case as necessary to avoid any prejudice.

Most important, the Court notes that the statute of limitations may bar Zamora from refiling his Complaint against Valdez.  While this fact may not be sufficient, standing alone, to warrant a permissive extension of time, that Zamora has already served Valdez counsels against dismissing Zamora's Complaint.  Thus, all factors taken together indicate that the Court should grant Zamora a permissive extension of time which includes the actual date of service.

Valdez also argues that, on information and belief, Zamora's Complaint is without foundation on the merits as to Valdez.  Valdez contends that Zamora's complaint is subject to dismissal and/or summary judgment based on, among other things, no waiver of sovereign immunity as to the state law claims and qualified immunity as to the claim under 42 U.S.C. § 1983.  See Lopez v. United States, 129 F. Supp. 2d at 1295-99.  Because Zamora has served his Complaint on Valdez, however, the Court declines to consider the merits of Zamora's claim before Valdez files a motion to dismiss or for summary judgment.  The arguments that Valdez raises are more appropriately considered in the context of a dispositive motion on the merits.

**IT IS ORDERED** that Defendant Valdez' Motion to Dismiss Based on Untimely Service of Process is denied.


_____
UNITED STATES DISTRICT JUDGE

Counsel:

Tibo J. Chavez, Jr.
Belen, New Mexico

*Attorney for the Plaintiff*

Michael Dickman
Santa Fe, New Mexico

*Attorney for Defendant Michael Valdez*