IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT ZAMORA,

    Plaintiff,

vs.                                                                        No. CIV 03-743 JB/RLP

CITY OF BELEN,
TANYA FRAZER, individually
and in her representative capacity,
STATE OF NEW MEXICO, and
MICHAEL VALDEZ, individually
and in his representative capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion to Stay Discovery Based on Absolute Immunity and Qualified Immunity, filed October 27, 2004 (Doc. 81). The primary issue is whether the Court should stay all discovery until it rules on Defendant Michael Valdez' pending Motion for Summary Judgment on Absolute Immunity and Qualified Immunity, filed October 19, 2004 (Doc. 79). Because Plaintiff Gilbert Zamora has not adequately shown why the Court should deviate from the usual rule that it decide, if possible, such motions before the parties engage in discovery, the Court will grant Valdez' motion and stay discovery until it decides the motion for summary judgment.

**PROCEDURAL BACKGROUND**

Zamora sued Valdez in his individual capacity pursuant to 42 U.S.C. § 1983. See Complaint for Malicious Abuse of Process, Defamation, and Damages, Count IV, at 6-7, filed June 3, 2003 (Thirteenth Judicial District, Valencia County, New Mexico), attached to Notice of Removal, filed

June 23, 2003 (Doc. 1). In his answer, Valdez raised the defenses of absolute immunity and qualified immunity. See Answer ¶¶ 2-3, at 4, filed July 26, 2004 (Doc. 74). On October 19, 2004, Valdez filed his Motion for Summary Judgment Based on Absolute Immunity and Qualified Immunity. See Doc. 79.

Discovery terminated on January 15, 2004, and the Court has set a jury trial for May 9, 2005. See Initial Pretrial Report at 4, 10, filed July 26, 2004 (Doc. 73). Valdez moves the Court to stay discovery on the grounds that he has raised the defenses of absolute immunity and qualified immunity through his motion for summary judgment. Valdez contends that he is entitled by law to have the Court stay discovery pending the Court's resolution of his immunity.

Zamora opposes this motion. Zamora contends that limited discovery upon facts relative to the issues raised in Valdez' motion for summary judgment would allow him to establish additional facts in support of his response to the motion. He therefore asks the Court to allow at least limited discovery upon the issues addressed in the summary judgment motion. In his response to the motion for summary judgment, he states that he wants to obtain "Answers to Interrogatories, Responses to Requests for Production of Documents and the deposition of Defendant Valdez," as well as depositions of "witness[es] and participants from the grand jury proceedings." Response in Opposition at 2, filed December 3, 2004 (Doc. 84).

Zamora has in his possession the complete Grand Jury transcripts, as well as the Internal Affairs investigatory report and audiotapes that he says the district attorney should have presented to the Grand Jury. Valdez contends that, on information and belief, the State of New Mexico, during the 2000-2002 criminal proceedings, provided all available documentary evidence, incriminating and exculpatory, to Zamora in accordance with the Attorney General's Office's longstanding "open files"

policy in criminal prosecutions.  Valdez also contends that Zamora has access to exculpatory witnesses and has not demonstrated otherwise.

## LAW ON QUALIFIED IMMUNITY

Once a defendant asserts qualified immunity, the burden shifts, and "the plaintiff . . . [must] come forward with facts or allegations sufficient to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred." Pueblo Neighborhood Health Ctr., Inc. v. Losavio, 847 F.2d 642, 645-46 (10th Cir. 1988)("The plaintiff carries the burden of convincing the court that the law was clearly established."). The Supreme Court of the United States "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991)(per curiam). Accord Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987)(explaining that the Supreme Court "ha[s] emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation"). Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has emphasized that the trial court should resolve the issue before discovery if at all possible. See Siegert v. Gilley, 500 U.S. 226, 231-33 (1991); Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982)("Until this threshold immunity question is resolved, discovery should not be allowed."). Accord Jones v. City and County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988).

This fundamental principle in the law of qualified immunity applies even where a plaintiff seeks discovery on a defendant's state-of-mind, which typically is not susceptible of direct proof. The Supreme Court has indicated that, in such cases, the trial court "must exercise its discretion in a way that protects the substance of the qualified immunity defense," which includes protection from

"unnecessary and burdensome discovery." Crawford-El v. Britton, 523 U.S. 574, 597-598 (1998). At the least, a plaintiff must be able to assert "specific, nonconclusory factual allegations," which establish an official's improper motive. See id. at 598 (quotation omitted).

In non-qualified immunity situations, opinions, conclusions and/or conjecture are insufficient to prevent summary judgment or to justify additional discovery. See, e.g., Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998); Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1170 (10th Cir. 1998); Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991)("conclusory and self-serving affidavits"). See also Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 130 (3d Cir. 1998)(recognizing that it is "axiomatic that a nonmoving party . . . cannot defeat summary judgment simply by asserting that a jury might" not believe the movant's affidavit)(quotation omitted). "[A] district court's rule 56(f) discretion is further restricted when a summary judgment motion based on qualified immunity is at issue," because "[l]iberal application of rule 56(f) should not be allowed to subvert the goals" of qualified immunity. Jones v. City and County of Denver, 854 F.2d at 1211. To justify discovery, a plaintiff must demonstrate to the court how the requested discovery will enable him or her to rebut a defendant's evidence. See id.

## ANALYSIS

As of the date that Valdez filed his summary judgment motion, approximately three months of discovery remained. The motion for summary judgment is potentially dispositive of all of Zamora's claims for relief, including his state-law claims. If the Court grants the motion, the Court's judgment would establish Valdez' absolute immunity and/or qualified immunity from suit under 42 U.S.C. § 1983.

Under the circumstances, the law "places a presumption in favor of immunity for public

officials acting in their individual capacities." Hidahl v. Gilpin County Dep't of Soc. Servs., 938 F.2d 1150, 1155 (10th Cir. 1991). Moreover, Zamora has not complied with rule 56(f). Instead, he makes a nonspecific request for discovery without attempting to demonstrate "how the information he desires would undercut the showing [that Valdez has made]." Jones v. City and County of Denver, 854 F.2d at 1211. Zamora's interrogatories reveal the generality of his requested discovery and the absence of focus on any particular issue that the pending motion based on absolute and qualified immunity raised.

In opposing Valdez' request for a stay of discovery, Zamora relies upon one generic statement of dicta in one district court opinion in which the court granted summary judgment to police officers. See Dukes v. City of New York, 879 F. Supp. 335 (S.D.N.Y. 1995). Zamora contends that, in an action for false arrest and malicious prosecution against the police department, summary judgment is appropriate only after adequate time for discovery and upon motion against the party who fails to make a showing sufficient to establish the existence of the elements essential to that party's case and on which that party will bear the burden of proof. See Dukes v. City of New York, 879 F. Supp. at 339. Apparently, however, the lack of discovery and/or a stay pending resolution of qualified immunity were not at issue, and the court did not discuss those issues.

The court in Dukes v. City of New York quoted with approval the following statement: "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." Id. at 340 (quotation omitted). Valdez contends that Zamora is attempting to avoid summary judgment in this impermissible way. This motion is not, however, the place to decide Valdez' motion for summary judgment. On the other hand, Zamora's response does not grapple with the Supreme

Court's instruction that, because qualified immunity protects against the burdens of discovery, a district court should, if possible, resolve qualified immunity before discovery. Under the principles of the law of qualified immunity, which the Supreme Court first laid down twenty years ago in Harlow v. Fitzgerald and followed since, Zamora has not met his burden of justifying discovery in the face of a motion for summary judgment based on absolute immunity and qualified immunity.

The Dukes v. City of New York case is largely irrelevant to this motion. Zamora has not explained why he needs discovery, limited or otherwise, to respond to Valdez' motion. Zamora has not adequately explained why the Court should not follow the Supreme Court and Tenth Circuit's instructions to limit or stay discovery until it rules on assertions of qualified immunity. Accordingly, Valdez is entitled by law to a stay of proceedings until the Court resolves the immunity issues.

**IT IS ORDERED** that Defendant Valdez' Motion to Stay Discovery Based on Absolute Immunity and Qualified Immunity is granted. The Court stays discovery pending the Court's resolution of his qualified immunity motion; vacates the discovery deadlines sets forth in the Court's Initial Pretrial Report (Doc. 73); vacates the expert witness deadlines; and vacates the trial date. If the Court denies all or part of his pending Motion for Summary Judgment, the Court will thereafter allow an additional three months after entry of such a denial for both parties to complete discovery.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Tibo J. Chavez, Jr.
Belen, New Mexico

    *Attorney for the Plaintiff*

Michael Dickman
Santa Fe, New Mexico

    *Attorney for Defendant Michael Valdez*